

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. J. E. McDonald, Commissioner
Department of Agriculture
Austin, Texas

Dear Sir:

Opinion No. O-6042

Re: If a germicidal product
is sold under several dif-
ferent names for different
purposes, does each dif-
ferent name or label have to
be registered under Sec. 6
of Art. 135b-1, Vernon's
Annotated Civil Statutes?

This will acknowledge receipt of your letter dated
June 1, 1944, which reads, in part, as follows:

"The American Cyanamid Company of New
York, seems to think that one registration
covering their "CYANOGAS" in all of its
forms is sufficient, while we contend that,
in view of the fact that this product is
sold under several names and for several
different purposes, each name constitutes
a separate brand and is therefore subject
to certification. We also contend that the
analysis in this case, which is the same
for all of the "CYANOGAS" forms, has noth-
ing to do with the establishing of different
brands.

"The majority of Insecticide Companies
registers two or more brands with identical
analyses."

From correspondence which you have enclosed, we gather
that the name "Cyanogas" appears on each label, but the balance
of the name on the label is different and in each case the pro-
duct is recommended for different purposes. Some of the different
names on the labels are: Cyanogas A-Dust, Cyanogas C. Fumigant,
Cyanogas Ant Killer, Cyanogas Granular, Cyanogas B-Dust and
Cyanogas Flakes.

Pertinent provisions are Sections 4, 5, 6, and 10 of Art. 135b-1, Vernon's Annotated Civil Statutes, which respectively provide:

"Sec. 4. For the purpose of this Act an article shall be deemed misbranded:

"(a) If it be an imitation or offered for sale under the _name_ of another article.

"(b) If it be labeled or branded so as to deceive or mislead the purchaser, or if the contents of the package as originally put up shall have been removed in whole or in part and other contents shall have been placed in such package, unless relabeled to conform with the provisions of this Act.

"(c) If the statements required in Sec. 5 are not branded or set forth on the label of each package.

"(d) If any false or misleading statements are made on the package or in any printed matter accompanying the package.

"Sec. 5. All corporations, firms, or persons, before selling or offering for sale any agricultural insecticide or fungicide for use within this state, shall brand or attach to each package a plainly printed statement, showing the brand or name of said insecticide or fungicide; the net weight, or volume if liquid, of the contents of the package; the name and address of the corporation, firm, or person registering said insecticide and the minimum percentage guaranteed to be present, of total arsenic, and the maximum percentage of water-soluble arsenic if such are present, and the names and percentage amounts of each inert ingredient; or, in place of the names and percentage amounts of each inert ingredient, the names and percentage amounts of each and every ingredient having insecticidal or fungicidal properties, and the total percentage of inert ingredients. All branding or labeling must be durable and legible, and so placed and arranged as to be easily read.

"......

"Sec. 6.  (a)  All firms, corporations, or persons now or hereafter engaged in selling agricultural insecticides or fungicides, before selling or offering for sale any agricultural insecticide or fungicide for use as an agricultural insecticide or fungicide within this state, shall annually file with the Commissioner of Agriculture an application for registration giving the information required by Sec. 5 of this Act; provided, however, that all firms, corporations, or persons, now, at the time of the passage of this Act, selling or offering for sale any agricultural insecticide or fungicide for use as an agricultural insecticide or fungicide within this state, shall have thirty (30) days from the effective date of this Act within which to file first applications for registration as required by this Act.

"(b)  A copy of the label to be attached to each package shall be filed with the Commissioner of Agriculture on or before delivery to the dealers, agents or consumers in this state; and such label shall truly set forth the data required in Sec. 5 of this Act; and be otherwise in accordance with the provisions of this Act.  On receipt of the application for registration above described, the registration fee, and the copy of the label, and after all other requirements of this Act have been complied with, the Commissioner of Agriculture shall issue a certificate of registration for the agricultural insecticide or fungicide, which shall be in force until the succeeding September first.

"......

"Sec. 10.  For the sole purpose of defraying the expenses connected with the inspection of agricultural insecticides or fungicides sold, or exposed or offered for sale, in this state, and with the making of examinations and analyses thereof, all firms, corporations, or persons

engaged in the manufacture or sale of agricultural insecticides or fungicides shall, in place of a tonnage tax, pay annually to the Commissioner of Agriculture an inspection tax of Twenty-five ($25.00) Dollars for registration of each agricultural insecticide and fungicide, provided that the total of the registration fees for any one firm shall not exceed One Hundred ($100.00) Dollars. . . ." (Emphasis ours)

In Sec. 10, supra, it is provided that "an inspection tax of Twenty-five ($25.00) Dollars for registration of each agricultural insecticide and fungicide" shall be paid annually to the Commissioner of Agriculture.

And in Sec. 6 (b), supra, it is provided that "a copy of the label to be attached to each package shall be filed" together with the registration fee and application for registration."

In answer to your question, it is the opinion of this department that the Legislature intended that for each different label, as Cyanogas A-Dust, Cyanogas G. Fumigant, Cyanogas Ant Killer, Cyanogas Granular, Cyanogas H-Dust and Cyanogas Flakes, a copy should be filed for certificate of registration, together with a registration fee for each, subject to maximum limitation.

Trusting this satisfactorily answers your inquiry and returning your enclosed correspondence, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Fred C. Chandler
Assistant

By /s/ Elton M. Hyder, Jr.

FCH:ff:bbh
APPROVED JUN. 23, 1944
/s/ G. P. Blackburn
(Acting) ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By - B.W.B., Chairman